*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-297

MAY TERM, 2012

| | |
|---|---|
| Mark Ashline | } APPEALED FROM: |
| | } |
| | } Superior Court, Franklin Unit, |
| v. | } Family Division |
| | } |
| | } |
| Donella Ashline | } DOCKET NO. 57-2-10 Frdm |

Trial Judge: A. Gregory Rainville

In the above-entitled cause, the Clerk will enter:

Father appeals from a final divorce judgment of the superior court, family division. He contends the trial court abused its discretion in: (1) dividing the marital property; (2) awarding mother attorney's fees; and (3) failing to order mother to pay child support. We affirm.

Following a one-day evidentiary hearing, the trial court issued a final divorce order in July 2011. The court found that the parties had been married since 1992, were in reasonably good health, and had a teenage daughter, who resided with father. The court awarded father sole legal rights and responsibilities for the child, provided for shared physical rights and responsibilities, and granted mother liberal parent-child contact.

The court found that the parties owned two homes and properties. Father was currently residing in the St. Albans property, which is improved with a substantial garage that he used for business purposes. The court awarded father the St. Albans property, and ordered him to pay mother half of the total equity, which amounted to $38,000, in installments over seven years. The parties also own a home in Swanton which they purchased in 2005 or 2006 for $275,000. The property was subject to a first mortgage of $220,000 and a second mortgage of $40,000, both of which were in default. The court noted that it was unlikely there was any equity in the property, and indeed that the combined mortgages probably exceeded its fair market value. The court awarded the Swanton property to mother, and ordered each party to be responsible for half of any deficiency that might result from a foreclosure.

The court noted that the parties disputed the value of father's car repair business, found father's lower estimate of $30,000 to be more credible, and denied mother's request for a cash award of half of the value, finding that there was little or no equity after deducting the substantial business debt. The court additionally awarded father a number of vehicles, including a 2005 tractor, a 1981 Harley Davidson motorcycle, a 1997 GMC truck, and a 1981 Honda motorcycle, as well as two antique guns. Mother was awarded all of the furnishings in the Swanton property, as well as a motorcycle, pickup truck, and 1999 Fleetwood camper.

Father contends the court abused its discretion and violated his due process rights by awarding mother a "grossly disproportionate" percentage of the marital property, claiming that

mother received four times the value that he received. "As we have often noted, property division is not an exact science, and the trial court has broad discretion" in fashioning an appropriate award. Cabot v. Cabot, 166 Vt. 485, 500 (1997). We will uphold a property division "where the findings reasonably support the judgment." Goodrich v. Goodrich, 158 Vt. 587, 593 (1992). The court's award here meets this test. Indeed, the findings indicate that the division of property—which was limited in actual value—was fairly equitable, with father receiving his business, business property, residence, and a number of vehicles, and mother receiving a cash payment of $38,000 and personal property, with each responsible for half of any deficiency from the Swanton property.

Father's claim that mother received a grossly disproportionate award rests on factual allegations about the value of certain personal property and debts and his efforts to save the properties from foreclosure that are unsupported by any citations to the record to support the allegations. This Court will not undertake to search the record for error where a party has failed to provide any citations to support the claims. Youngbluth v. Youngbluth, 2010 VT 40, ¶ 6, n.1, 188 Vt. 53. Accordingly, we discern no basis to disturb the award.

Father also contends the court erred in ordering him to pay mother $1000 toward her attorney's fees. Father asserts that the award was improper because it was for work done after the hearing, but again provides no citation to the record to support the claim. Thus, we find no grounds to reverse the award.

Finally, father claims the court erred in failing to order mother to pay child support without holding an additional hearing. Following the merits hearing on the divorce but before the court issued its decision, the parties presented the court with a stipulation wherein they agreed that mother would pay no child support as she was unemployed. The stipulation further provided that mother would notify the Office of Child Support and father when she obtained employment. Some time after the divorce decision issued, and after the case was appealed to this Court, the question of child support surfaced in the case. The issue is not properly before us. Further, the appeal provides no information of issues involved. Father makes no claim why he is not bound by his stipulation and no argument why the court erred in following the stipulation. His argument is contained in a few sentences with no citations to the record or authorities to support the claim. See Wilkins v. Lamoille Cnty. Mental Health Servs., Inc., 2005 VT 121, ¶ 15, 179 Vt. 107 (declining to address issue that was not adequately briefed and argued).

Affirmed.


BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


2